UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERICA HOFF,

    Plaintiff,

v.

SRA ASSOCIATES OF NEW JERSEY,

    Defendant.

Civil Action No.:

**JUDGE RAMOS**

12 CV 3300

### Verified COMPLAINT
(Jury Trial Demanded)

Plaintiff, Erica Hoff ("Plaintiff" or "Hoff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendant, SRA Associates of New Jersey ("SRA" or "Defendant"). As and for her complaint, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

2. Venue in this Court is proper because (a) Defendant transacts business in this venue, and (b) Defendant's collection communications to Plaintiff were transmitted in this venue.

### NATURE OF THIS ACTION

3. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"]).

## PARTIES

4. Plaintiff is a natural person residing in Rockland County New York.

5. Plaintiff is a consumer as that term is defined by Section 1692 (a)(3) of the FDCPA.

6. Upon information and belief, Defendant is a foreign corporation authorized to do business in the state of New York with its principal place of business located at 401 Minnetonka Road, Hi-Nella, New Jersey 08083.

7. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

## FACTS

8. At a time better known to Defendant, Defendant commenced the attempted collection of a consumer debt allegedly owed by plaintiff (the "Debt").

9. The alleged Debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

10. The creditor on whose behalf Defendant was collecting the Debt was Ford Motor Credit Co LLC ("Ford"). Ford retained a lien (the "Lien") on the title of a vehicle purchased and owned by Plaintiff which formed the basis of the Debt (the "Vehicle").

11. On or about January 9, 2012, Defendant was expressly advised that Plaintiff was represented by counsel with regard to the Debt.

12. On or about January 9, 2012, a telephone conversation was held in which Plaintiff's counsel confirmed with Defendant's representative "Mr. Patrick" an agreed upon settlement of the Debt (the "Settlement") and release of the Lien. Pursuant to the Settlement, Plaintiff agreed to make an initial payment of $1,000.00 followed by three

2

payments of $137.00 each. Upon receipt of the final payment, Defendant agreed that it would arrange with Ford for the release of the Lien.

13. Plaintiff's counsel insisted that the Settlement be confirmed in writing before payment would be made.

14. Later that day, after receipt of written confirmation of the Settlement, Plaintiff's counsel contacted Defendant again so that Plaintiff could make an immediate Settlement payment. Defendant indicated that it was only capable of taking immediate payment via a "check-by-phone" in which the payor's bank routing number, account number and check number would be provided to the payee. The payee would then physically generate a check on the payor's behalf and forward it to the payor's bank. At that moment, Plaintiff and her boyfriend (who would be paying the settlement) did not have their check books with them. It was thus agreed that Plaintiff's would call back Defendant later that day for the strict purpose of providing the necessary banking information.

15. Later that day, Plaintiff's boyfriend called Defendant in the presence of Plaintiff, for the sole purpose of conveying the requested banking information as agreed. However, while Defendant's representative (no longer "Mr. Patrick") did take the payment information, it attempted to unilaterally modify the Settlement. Contrary to the written Settlement, Defendant's representative insisted that if payment was not processed by 2 p.m. that day, she could not guarantee that the Settlement would be held open the following day. Defendant's representative explained that 2 pm was the daily deadline for which payments could be processed and applied. According to Defendant's

3

representative, if payment was not processed by 2 pm, it would be processed the following day.

16. Defendant's representative wrongfully applied undue pressure in demanding that payment be processed by 2 pm that day.

17. Plaintiff's boyfriend reminded Defendant's representative that Plaintiff was represented by counsel and gave the attorney's name and phone number. Despite this reminder, Defendant's representative persisted in demanding that payment be processed by 2 pm that day or the Settlement might no longer be.

18. Defendant never communicated to Plaintiff's counsel that the Settlement included any terms other than those stated in the written Settlement confirmation.

19. Such conduct constitutes improper direct contact with knowledge that he is represented by counsel and is in violation of the FDCPA.

20. Such conduct constitutes the use of false and misleading information in the collection of a debt in violation of the FDCPA.

21. On March 2, 2012, Plaintiff's boyfriend called Defendant to inquire whether an expedited Settlement payment would result in an expedited release of the Lien. Defendant's representative confirmed that the Lien could be released earlier than originally agreed and advised that fourteen days from receipt of final Settlement payment, Ford would be notified that the Debt was satisfied.

22. Based upon Defendant's representation that Ford would be notified of satisfaction of the Debt within fourteen days of receipt of final Settlement payment, Plaintiff authorized the immediate and early payment thereby prematurely satisfying her obligation under the Settlement.

23.     On March 20, 2012, having not received any conformation of release of the lien from Ford, Plaintiff's boyfriend called Defendant and was advised that the information given on March 2nd was wrong.  It was explained that, in fact, fourteen days from Defendant's receipt of the final Settlement payment, Plaintiff herself would receive from Defendant conformation that her obligations had been satisfied and that Ford would not be notified until the end of the month.

24.     Such conduct constitutes the use of false and misleading information in the collection of a debt in violation of the FDCPA.

### FIRST CAUSE OF ACTION
### <u>VIOLATION OF THE FDCPA</u>
### (15 .S.C. § 1692 et. seq.)

25.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

26.     Defendant has violated the FDCPA in, *inter alia*, the following ways:

(a)     Defendants' conduct violated 15 US.C. §1692c(b) in that its communications to Plaintiff were harassing, oppressing or abusive in connection with the collection a debt.

(b)     Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant communicated with Plaintiff in an attempt to collect an alleged debt after obtaining knowledge that Plaintiff was represented by counsel with regard to that alleged debt.

(c)     Defendant's conduct violated 15 U.S.C. § 1692e in that it used false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692e.

27.     As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiff has been injured and is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages 15 U.S.C. § 1692k(a)(1);;

    (b)    Statutory damages 15 U.S.C. § 1692k(a)(2);

    (c)    Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

    (d)    Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
April 24, 2012

**THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By: _____
**ROBERT J. NAHOUM**
99 Main Street, Suite 311
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com

6

**VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF ROCKLAND  )

ERICA HOFF, being duly sworn deposes and says:

I am the plaintiff herein. I affirm under penalty of perjury that I have read the foregoing Verified Complaint and know the contents thereof; that the same are true to my own knowledge except as to those matters stated to be upon information and belief; and as to those matters I believe them to be true. The grounds of my information and belief as to matters not stated upon my knowledge are statements and/or personal records.

_____
ERICA HOFF

Sworn to Before Me This
___ day of April 2012

_____

ROBERT J. NAHOUM
Notary Public - State of New York
No. 02NA6221765
Qualified in Rockland County
My Commission Expires May 10, 2014